I concur with that part of the majority opinion that affirms the trial court's judgment concerning Roberts's claims of negligence, wantonness, and outrage. However, I must dissent from that portion of the opinion that reverses the trial court's directed verdict for the defendant on Roberts's contract claim.
Cases of this kind pose a dilemma, and I would argue that ordinarily a contract claim should go to the jury,[2] but even assuming *Page 374 
that Roberts had presented evidence of actual damages due to a breach of the contract,[3] I am of the opinion that the trial court's failure to submit the contract claim to the jury was harmless error, if error at all. In instructing the jury, the trial judge arguably gave back some of what his prior decision took away; the trial judge's jury instruction included the following:
 "To begin with, ladies and gentlemen, let me say that a contract — you have heard that term mentioned here on numerous occasions, a contract is an agreement between two or more persons or parties based upon a valid consideration to do or refrain from doing a particular lawful act. There was admittedly a contract between the plaintiff, Betty Roberts, and the defendant, Public Cemetery of Cullman, Inc. That contract is in evidence. The law implies that a contract with the nature that we have in this case would be carried out or performed by the use of ordinary care as may be required under the circumstances.
 "Now, the plaintiff alleges that the defendant was negligent in the performance of its duties under this contract. And also that the defendant was guilty of wanton conduct in carrying out its obligations under this contract."
Although the jury was ultimately instructed to return verdicts on the counts of negligence or wantonness, the jury was also essentially instructed that a contract existed and that the contract contained an implied duty of due care. The jury was further instructed to award, if appropriate, the very damages claimed under the contract theory. The jury found that the defendant did not negligently or wantonly breach the duties imposed upon it by the contract and thereby damage the plaintiff; therefore, the failure to submit the breach of contract claim was not prejudicial error, and under Rule 45, Ala.R.App.P., the judgment of the trial court should not be reversed. Because the jury found that the defendant had not breached the duties imposed by the contract, I cannot see how the failure to instruct the jury on breach of that very same contract "injuriously affected the substantial rights" of the plaintiff. Under Rule 45, I would affirm the trial court's judgment as to this claim as well.
[2] This Court has recognized that claims for tortious conduct and for breach of contract may be maintained in a single suit.Eidson v. Johns-Ridout's Chapels, Inc., 508 So.2d 697 (Ala. 1987). In that case, involving the shipment of a body, this Court stated:
 "We can appreciate the dilemma faced by the learned trial judge, because this Court has had difficulty agreeing on cases involving the question of whether an action is ex delicto or ex contractu, but we hold that plaintiffs produced at least a scintilla of evidence that the defendants made specific promises to plaintiffs and then failed to perform as promised." 508 So.2d at 701. This Court recognized that a defendant's failure to exercise reasonable care or to do the act promised in a contract may give rise to an action for breach of contract.
[3] Although Roberts provided substantial evidence that there was a contract to bury her husband's body in a specific grave and that that contract was breached, Roberts presented no evidence of any monetary damages. A plaintiff cannot recover for emotional distress and similar damages in a contract action. "Absent proof of actual damage or injury, there can be no recovery for breach of contract." Purcell Co. v. SpriggsEnterprises, Inc., 431 So.2d 515, 523 (Ala. 1983). Roberts offered no proof of any actual damages caused by this breach. Further, the damages awarded in a breach of contract action should return the injured party to the position he would have occupied had the breach not occurred. Boyett v. Oakes,518 So.2d 37, 40 (Ala. 1987). Here, the cemetery gave Roberts the additional lot and had to remove another body in order to do so. Thus, Roberts's husband was buried, and she owned two lots rather than the one she had prior to the breach. There was no evidence that she was in a worse position after the breach.